United States District Court
For the Northern District of California

```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA


TOSHIBA CORPORATION,                    No   C-05-4016 VRW

        Plaintiff,                      Related to Case Nos
                                        C-05-4100 VRW, C-05-4547 VRW,
        v                               C-04-4708 VRW, C-05-2914 VRW

HYNIX SEMICONDUCTOR, INC, et al,        ORDER

        Defendants.
                                    /
```

On November 17, 2005, defendants Hynix Semiconductor, Inc and Hynix Semiconductor America, Inc (collectively "Hynix") moved to stay the present case. Doc #9. Hynix states that before plaintiff Toshiba Corporation ("Toshiba") initiated this case on October 4, 2005, Toshiba filed a complaint on or about September 29, 2005, with the United States International Trade Commission ("ITC"), under section 337 of the Tariff Act of 1930, as amended, 19 USC § 1337. Id at 1. Toshiba's complaint requests the ITC to investigate whether Hynix is infringing the same patents at issue in this action. Id.

//
//

Based on 28 USC § 1659, Hynix asserts that the present case should be stayed until the ITC concludes its action. That provision provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within --
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2) 30 days after the district court action is filed, whichever is later.

See also Universal Tool & Stamping Co v Ventra Group, 46 USPQ 2D 1799, 1800 (ND Ind 1998) ("[I]t is clear that a stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the United States International Trade Commission involve the same issues.").

Here, Hynix is a named respondent in an action before the ITC. Doc #10, Ex A at 10. And both the ITC proceeding and the present case involve infringement contentions concerning Toshiba's United States Patent Nos 5,150,178; 5,270,969 and 5,517,449. Id at 12; Complaint (Doc #1). Moreover, Toshiba does not oppose Hynix's request for a stay (Doc #12), and appeared to concede at a January 31, 2006, case management conference that 28 USC § 1659 mandates granting a stay here.

//
//
//

It is unclear, however, whether Hynix's stay request is timely. Hynix's motion was filed on November 17, 2005, more than 30 days after both the complaint in the present case and in the ITC action were filed. Nonetheless, Hynix contends that it received notice of the ITC action on November 4, 2005; if this is the operative date on which Hynix was "named" as a respondent, then Hynix's stay request was timely.

In any event, it does not matter whether 28 USC § 1659 mandates a stay here because the court finds, under its inherent authority, that a stay is appropriate. <u>Rohan ex rel Gates v Woodford</u>, 334 F3d 803, 817 (9th Cir 2003). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases with economy of time and effort for itself, for counsel and for litigants. <u>Landis v N Am Co</u>, 299 US 248, 254 (1936). Allowing the present case to proceed in parallel to the earlier-filed ITC action creates the risk of inconsistent results between the court and the agency. And because the issues involved in both proceedings are substantially the same, allowing the present case to go forward would waste time and effort for both the court and the litigants. Moreover, the parties appear to agree that a stay is appropriate here. Doc ##9, 12.

*//*
*//*
*//*
*//*
*//*
*//*
*//*

1   Accordingly, the court GRANTS Hynix's motion for a stay
2 and STAYS the present case until the parallel proceedings before
3 the ITC become final.  The clerk is DIRECTED to terminate all
4 pending motions.  The parties are instructed to notify the court in
5 writing by August 1, 2006, on the status of the ITC proceeding.

7   IT IS SO ORDERED.



VAUGHN R WALKER
United States District Chief Judge

**4**